

Meister Seelig & Fein PLLC

Henry E. Mazurek
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

**VIA ECF**

January 18, 2023

Hon. Jennifer H. Reardon
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

> **Re:** *United States v. Martin Handler, et. al. (Ben Werzcberger)*, **23-cr-004 (JHR)**

Dear Judge Cronan:

We write respectfully on behalf of all defendants to move pursuant to Rule 41(g) for the return of the phones seized at the time of the arrest. Each defendant made these motions orally at the presentment on Wednesday, January 11, 2023. While items in plain view can be seized if the object's "incriminating character is immediately apparent," *United States v. Dickerson*, 508 U.S. 366 (1993), the cell phones here do not fall into that narrow category. The government has not set forth the basis for the agents' belief that – at the time of the seizure - they had probable cause to believe that these specific phones contained evidence of criminality. Moreover, as detailed on the record, at least as to some of the defendants, the phones were not in plain view. In these circumstances, the seizure was unlawful and any subsequent search of the phones, even if pursuant to warrant, would be tainted and require suppression.

In addition, as stated on the record, given that the case is already indicted, and the phones are now being held by the government, there is no reason that any application for a search warrant need be ex parte. Accordingly, we respectfully request that any application for a warrant be on notice to the defense so that any deficiencies in the application can be brought to the Court's attention.

Respectfully submitted,

**/S/HEM**
Henry E. Mazurek
Jason I. Ser
Ilana Haramati
*Counsel for Defendant Ben Werczberger*

cc: Counsel of record (*via ECF* and *email*)