UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GRAND JURY TESTIMONY OF
JANUARY 17, 2024

23 Cr. 004 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On September 23, 2024, the Court directed the Government to produce certain materials relating to the application of New York City Early Learning Company, Inc. ("NYCELC") for restitution.  *See* ECF No. 477.  On September 25, 2024, the Government submitted a motion, *ex parte* and under seal, requesting the limited unsealing of a portion of grand jury testimony that was responsive to the Court's Order.  The Government attached that grand jury testimony, with redactions, to its motion.  The Court granted the motion on September 28, 2024 and directed the Government to explain the need, if any, for the motion to remain *ex parte* and under seal.  On September 30, 2024, in a revised Order, the Court further directed the Government to explain any need for its redactions of the grand jury testimony to remain in place.  On October 1, 2024, the Government responded that there was no need for its September 25, 2024 letter to remain *ex parte* and under seal, except for the redaction of an NYCELC employee's name and the exclusion of the grand jury testimony itself.  The Government also argued that its redactions of the grand jury testimony should remain in place as to Martin Handler and interested party NYCELC, so that the unsealing of the testimony was "structure[d] . . . to cover only material that [wa]s needed," *United States v. Alexander*, 860 F.2d 508, 513 (2d Cir. 1988).

At the request of the Government, the motion and all orders and submissions associated with it were filed *ex parte* and under seal.  "The [G]overnment's *ex parte* submission[s] w[ere] appropriate where, as here, [they] w[ere] necessary in order to protect grand jury secrecy." *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, No. 02 CIV. 8855 (LAK), 2004 WL 367673, at *1

(S.D.N.Y. Feb. 25, 2004) (citing *In re Doe*, 711 F.2d 1187, 1194 (2d Cir.1983)).  On September 29, 2024, in response to the Court's September 28, 2024 *ex parte* sealed order, the Government provided the partially unsealed grand jury testimony to counsel for Martin Handler and counsel for NYCELC.

The Court finds that the Government's proposed redactions and exclusion of the grand jury testimony responsive to the Court's September 23, 2024 Order are narrowly tailored to uphold recognized privacy interests and the perpetual secrecy requirements of grand jury matters.  In this case, those considerations outweigh the public's presumption of access to the redacted information.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 124 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995); *Alexander*, 860 F.2d at 513-14; Fed. R. Crim. P. 6(e)(6) ("Records, orders, and subpoenas relating to grand jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.").  Subject to these redactions, the Court unseals the Government's motion and all related orders and submissions.

It is hereby ORDERED that, by no later than **September 15, 2025**, the Government shall file on the public docket versions of its September 25, 2024 and October 1, 2024 submissions that incorporate the approved redactions.  Thereafter the Court will file its September 28, 2024 Order and September 30, 2024 Order reflecting those redactions.

SO ORDERED.

Dated: September 12, 2025
      New York, New York

*/s/ Jennifer H. Rearden*<br>
JENNIFER H. REARDEN<br>
United States District Judge